1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   ARTUR ROJSZA, et al.,                    CASE NO. 13-cv-1468-MJP

11                 Plaintiffs,                ORDER STRIKING DEFENDANTS'
                                              MOTION FOR SUMMARY
12          v.                                JUDGMENT FOR UNTIMELY
                                              FILING
13   CITY OF FERNDALE, et al.,

14                 Defendants.

15

16          This matter is before the Court on Defendants' motion for summary judgment filed July

17   25, 2014. (Dkt. No. 13.) Plaintiff submitted a substantive response to the motion which included

18   a motion to strike Defendants' motion for untimely filing. (Dkt. No. 16.) Defendants submitted a

19   reply. (Dkt. No. 32.) For the reasons discussed below, the Court STRIKES Defendants' summary

20   judgment motion as untimely and filed in violation of this Court's scheduling order. (Dkt. No.

21   11.)

22          The scheduling order set in this case states, "All dispositive motions must be filed by July

23   21, 2014 and noted on the motion calendar on the fourth Friday thereafter (see CR7(d))." (Dkt.

24   No. 11 at 1.) The order further states, "[t]hese are firm dates that can be changed only by order of

1    the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon

2    good cause shown[.]" (Id. at 2.) Local Civil Rule 7 directs the form and scheduling of motions,

3    and CR7(d)(3) states motions for summary judgment "shall be noted for consideration on a date

4    no earlier than the fourth Friday after filing and service of the motion."

5          Defendants' argue this Court should accept the late filing because, "as this Court is

6    aware, the parties agreed to continue the hearing on Defendant's Motion for Summary Judgment

7    due to the scheduling of a mediation" at the Plaintiff's request. (Dkt. No. 32 at 5.) First, this

8    Court is aware of no such agreement. No document signed by the Court includes this

9    information. Second, as discussed above, the scheduling order makes clear agreements amongst

10   parties or attorneys cannot alter the deadlines set by this Court without a Court order. (Dkt. No.

11   11 at 2.)

12         Defendants also argue the filing should be accepted because "no prejudice exists and is

13   not argued by the Plaintiffs[.]" Defendants assert there is no prejudice because, although the

14   motion for summary judgment was filed one week late, it was still noted for consideration four

15   weeks after filing in accordance with CR7(d). (Dkt. No. 32 at 5.) This argument fails. First, the

16   Defendants will note there is no prejudice requirement regarding adherence to deadlines set by

17   the Court. Second, although Plaintiffs were provided the customary amount of time to respond to

18   the summary judgment motion, litigation deadlines are set with the schedules of both the parties

19   and the Court in mind. A late filed, and late noted, motion for summary judgment reduces the

20   time the Court has to consider and rule on the motion before other trial related deadlines occur.

21   Defendants' narrow view of harm cannot be accepted.

22         Finally, Defendants argue they "in good faith interpreted the Scheduling Order as

23   requiring the motion for summary judgment be filed and scheduled in accordance with the local

24

ORDER STRIKING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT FOR UNTIMELY
FILING- 2

1    rules for setting hearings, CR 7, and scheduled on or before the fourth Friday following July 21,

2    2014. Defendants complied with the Court's Scheduling Order." (Dkt. No. 32 at 5.) The fourth

3    Friday following July 21, 2014 is August 15, 2014. Defendants filed the motion in question on

4    July 25, 2014, and noted it for hearing on August 22, 2014. (Dkt. No. 13 at 1.) The claim of a

5    good faith misreading is untenable. The scheduling order, which states "[a]ll dispositive motions

6    must be filed by July 21, 2014," is not susceptible to multiple interpretations.

7          On October 29, 2013, this Court entered a minute order in this case discussing the

8    importance of respecting deadlines. (Dkt. No. 10.) The issue arose following Plaintiffs' missed

9    deadline for filing a joint status report. The Court stated it "will not allow Plaintiff to subvert the

10   schedules set by this Court" and ordered Plaintiffs' counsel "to comply with all Court deadlines

11   of face sanctions up to and including monetary sanctions and removal from his client's cases."

12   (Id. at 2.) Defendants will not be held to a lesser standard. Defendants were on notice that the

13   Court takes deadlines seriously at the time of their late filing. Finding Defendants' summary

14   judgment motion untimely filed with no good cause, and with no extension of time issued by this

15   Court, the Court STRIKES the motion.

16         Defendants and Plaintiffs each submitted motions for over-length responsive pleadings.

17   (Dkt. Nos. 31 and 34.) Because the Court is not reaching the merits of the summary judgment

18   motion, both of these motions are DENIED as MOOT.

19         The clerk is ordered to provide copies of this order to all counsel.

20         Dated this 4th day of September, 2014.

21

22   _____

23   Marsha J. Pechman
     United States District Judge

24

ORDER STRIKING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT FOR UNTIMELY
FILING- 3